UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW JONES,

          Plaintiff,

    v.

RIDGEFIELD NEW JERSEY LOCAL
POLICE DEPARTMENT, *et al.*,

          Defendants.

Civil Action No. 23-21260 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Matthew Jones's ("Plaintiff") Motion for Relief from a Judgment or Order. (ECF No. 4.) Because the only Order in the instant case denies Plaintiff's *in forma pauperis* ("IFP") Application (ECF No. 3), the Court construes Plaintiff's Motion as a request for relief from that Order.[1]

On October 17, 2023, Plaintiff filed suit against Defendants Ridgefield New Jersey Local Police Department, New Jersey State Police Troop B, Bergen County Sheriff's Department, and the United States Postal Service (collectively, "Defendants"). (Compl. ¶¶ 2-5, ECF No. 1.) Alongside Plaintiff's Complaint, Plaintiff filed an IFP Application. (IFP Appl., ECF No. 1-2.) On January 4, 2024, the Court entered an Order ("January Order") denying Plaintiff's IFP Application because he left "many blanks" throughout his application, which is inconsistent with the form's instructions. (Jan. Order, ECF No. 3.) Plaintiff's IFP Application, therefore, was denied without prejudice, the case was closed, and Plaintiff was given until February 5, 2024, to either submit a

---

[1] Plaintiff's Motion mostly discusses the merits of his case. (*See* Motion for Relief 5-11.) Because the Court construes his Motion as a request for relief from the Order denying his IFP Application, the Court declines to address Plaintiff's arguments as they relate to the merits of his case.

new IFP application or pay $402.00 to reopen his case. (*Id.*) Plaintiff did not take either of these actions and instead filed the instant Motion pursuant to Federal Rule of Civil Procedure[2] 60(b) on October 18, 2024.[3] (Motion for Relief, ECF No. 4.)

Rule 60(b) allows a party to seek relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). This rule "applies only to 'final' judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (citation omitted). An order denying an IFP application without prejudice is not final. *Crawford v. Chief Judge Linares*, No. 18-3457, 2019 WL 10817284, at *1 (3d Cir. Nov. 18, 2019) (citing *Redmond v. Gill*, 352 F.3d 801, 803 (3d Cir. 2003)).

In addition, Rule 60(c)(1) requires that a motion under Rule 60(b) "be made within a reasonable time" and provides a one-year limitation on motions brought under (b)(1)-(3).[4] Fed. R. Civ. P. 60(c)(1). This "one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). "What constitutes a reasonable amount of time under Rule 60(c)[(1)] depends on the specific circumstances of the case." *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (citing *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010)).

Here, the Court finds no reason to provide relief from the January Order. To begin, Rule 60(b) applies only to final orders and judgments. *Penn W. Assocs.*, 371 F.3d at 125. Because the January Order denied Plaintiff's IFP Application without prejudice to allow him to refile his IFP

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] Plaintiff filed the instant Motion more than eight months after the January Order's deadline to either submit a new IFP application or pay the requisite filing fee.

[4] Plaintiff's filing is unclear as to which grounds for relief apply to his Motion.

Application, Rule 60(b) is inapplicable. *See Redmond*, 352 F.3d at 803 (explaining that an order denying an IFP application without prejudice is not a final order). Moreover, even if the January Order was final, because Plaintiff's Motion for Relief was filed more than nine months after the January Order was entered, and he provides no explanation for his delay, Plaintiff has not filed his Motion within a reasonable time as required under Rule 60(c)(1). *Azbuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x 643, 644 (3d Cir. 2011) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing . . . he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *see also Smith v. Ruzzo*, No. 07-0450, 2009 WL 349162, at *2 (D.N.J. Feb. 9, 2009) (holding pro se plaintiff's eight-month delay unreasonable due to the plaintiff's disinclination to keep the court apprised of his whereabouts).

        **IT IS, THEREFORE,** on this 21st day of March 2025, **ORDERED** as follows:

1. The Clerk of Court is directed to reopen this action for the consideration of Plaintiff's Motion for Relief from a Judgment or Order (ECF No. 4), and upon entry of this Memorandum Order, the case and docket shall be marked closed.

2. Plaintiff's Motion for Relief from a Judgment or Order (ECF No. 4) is **DENIED**.

3. The Court will afford Plaintiff another opportunity to file a new IFP Application, by **April 21, 2025**, in the form attached to this Memorandum Order. Alternatively, by **April 21, 2025**, Plaintiff may submit payment in the amount of $402.00 and the Clerk will reopen the case.

                                                     /s/ Michael A. Shipp
                                       **MICHAEL A. SHIPP**
                                       **UNITED STATES DISTRICT JUDGE**